IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTWOOD SHIPPING LINES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| WESTWOOD TRADING, LLC d/b/a | § | CIVIL ACTION NO. 4:20-CV-4165 |
| WESTWOOD SHIPPING | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Westwood Shipping Lines, Inc. ("Westwood Shipping" or "Plaintiff"), for its Original Complaint against Defendant Westwood Trading, LLC d/b/a Westwood Shipping ("Westwood Trading" or "Defendant"), alleges the following:

## I.
## PARTIES

1. Plaintiff Westwood Shipping is a corporation organized under the laws of the State of Washington with a principal place of business located at 1019 39th Avenue, Suite 210, Puyallup, Washington 98374.

2. Defendant Westwood Trading is a Texas limited liability company with its principal place of business located at 2100 West Loop South, Suite 800, Houston, Texas 77027. According to documents on file with the Texas Secretary of State, each of the managing members of Westwood Trading is a resident of the State of Texas. Westwood Trading may be served through its registered agent and managing member, Joseph Musachia, whose address is listed as 8027 Garland Path Bend Lane, Richmond, Texas 77407, or at one of its offices.

## II.
## JURISDICTION AND VENUE

3. This is a civil action for trademark infringement arising under Sections 32, 43(a), and 43(d) of the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1114, 1125(a), (d), and unfair competition under the laws of the State of Texas.

4. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) as to Westwood Shipping's trademark claims. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 as to the unfair competition claim.

5. This Court may exercise personal jurisdiction over Defendant because Defendant is organized under the laws of Texas and has its principal office in Texas. Therefore, Defendant is a Texas resident subject to jurisdiction in Texas. Additionally, Defendant has established substantial relevant contacts in Texas through its business activities, trademark infringement, and unfair competition in the state sufficient to subject Defendant to jurisdiction in the state.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and is subject to personal jurisdiction in this district, and because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this judicial district.

## III.
## FACTUAL BACKGROUND

**A. Westwood Shipping's Background and Trademarks**

7. Westwood Shipping is an ocean-going common carrier operating a liner service of several ships between the United States, Canada, and Asia, including an extensive intermodal, break bulk, and project cargo (including heavy lift) business in that trade lane.

8. Since at least as early as 1981, Westwood Shipping has used the word marks

**PLAINTIFF'S ORIGINAL COMPLAINT**

WESTWOOD SHIPPING LINES, WESTWOOD SHIPPING, and WESTWOOD (the "Westwood Word Marks"), as well as the logo depicted below, in commerce in connection with its services:



(the "Westwood Shipping Logo") (collectively with the Westwood Word Marks, the "Westwood Shipping Marks").

9. On July 29, 1997, the United States Patent and Trademark Office issued U.S. Trademark Registration No. 2,083,552 to Westwood Shipping for the Westwood Shipping Logo. That registration has achieved incontestability status. A copy of U.S. Trademark Registration No. 2,083,552 is attached hereto at Exhibit A.

10. On August 18, 2020, the United States Patent and Trademark Office issued U.S. Trademark Registration No. 6,129,113 to Westwood Shipping for the WESTWOOD SHIPPING LINES word mark. A copy of U.S. Trademark Registration No. 6,129,113 is attached hereto as Exhibit B.

11. As evidenced by its registration certificates, and through the expenditure of considerable time, effort, and money, Westwood Shipping has established considerable trademark rights in the Westwood Shipping Marks over the past four decades. Westwood Shipping has continuously used the Westwood Shipping Marks on advertisements, its website, marketing materials, ships, and cargo carriers and has developed valuable goodwill and brand recognition in association with the Westwood Shipping Marks nationwide and in several foreign jurisdictions in which it operates. Examples of Westwood Shipping's use of the Westwood Shipping Marks are shown in the printouts from Westwood Shipping's website attached hereto

**PLAINTIFF'S ORIGINAL COMPLAINT**

as Exhibit C.

12. Consumers in the shipping industry have come to associate the Westwood Shipping Marks with Westwood Shipping and its high-quality services.

**B.   Defendant's Trademark Infringement and Unfair Competition**

13. Westwood Shipping has recently discovered that Defendant has been marketing, advertising, offering to sell, and selling shipping services that compete with those offered by Westwood Shipping using the infringing mark WESTWOOD SHIPPING (the "Infringing Mark"). The Infringing Mark is identical to the WESTWOOD SHIPPING mark used by Westwood Shipping and is virtually identical to the other Westwood Shipping Marks. Given the identical nature of the marks and the overlapping services of the parties, the Infringing Mark is confusingly similar to the Westwood Shipping Marks and is highly likely to cause confusion in the marketplace.

14. Formed in 2017, Defendant markets itself as a "U.S.-owned and operated marine solutions, transportation, and logistics company providing services in domestic and international markets through our operating business office in Houston, Texas as we service all American ports, Canadian Ports, Caribbean Ports, African Ports, European Ports, Arabian Gulf and Asian Ports." Defendant further advertises that it "provides cost-effective ocean freight solutions to clients with international shipping needs" and "maintain[s] strategic relationships with major global carriers to deliver the most competitive ocean rates." Defendant has registered as a non-vessel owning common carrier with the Federal Maritime Commission under the trade name Westwood Shipping.

15. Defendant has an eye to further expansion, claiming on its website that it intends to "grow and dominate the market in the near future."

16. Defendant owns, and recently marketed its services on the website located at, the domain *www.westwoodshipping.com*, including by using the Infringing Mark throughout the website. On February 3, 2020, counsel for Westwood Shipping sent Defendant a letter demanding that it cease further infringement of the Westwood Shipping Marks, including through the use of the *westwoodshipping.com* domain name and Infringing Mark, and that Defendant transfer the *westwoodshipping.com* domain name to Westwood Shipping.

17. Counsel for Defendant responded by letter dated February 10, 2020, claiming that Defendant was a "new business" with a "limited client base" and would "discontinue use of the assumed name 'Westwood Shipping.'" A copy of Defendant's February 10, 2020 letter is attached hereto as <u>Exhibit D</u>.

18. Despite follow-up requests from counsel for Westwood Shipping on February 12, 2020, February 25, 2020, and April 2, 2020, Defendant did not transfer the *westwoodshipping.com* domain name to Westwood Shipping or allow the domain name to expire, as it was scheduled to do in April 2020. Instead, Defendant renewed its registration of the *westwoodshipping.com* domain name effective April 24, 2020 and began using the domain name to advertise third-party shipping and transport services that compete with similar services offered by Westwood Shipping. A printout from the website at the *westwoodshipping.com* domain name on September 30, 2020 is attached hereto as <u>Exhibit E</u>.

19. On or about June 3, 2020, Defendant surreptitiously registered the domain name *westworldshipping.com*, which is only a two-letter variation from the *westwoodshipping.com* domain name, and began advertising its services and displaying the Infringing Mark on the website located at *www.westworldshipping.com*, despite Defendant's earlier promise to discontinue use of the Infringing Mark. A printout from the *www.westworldshipping.com*

website on October 9, 2020 is attached hereto as Exhibit F.

20. Despite numerous requests, Defendant has refused to stop using the Infringing Mark or the domain names *westwoodshipping.com* or *westworldshipping.com* (the "Infringing Domain Names"). Defendant's continuing use of the Infringing Mark and Infringing Domain Names is likely to confuse consumers as to the source and origin of Defendant's services and to cause consumers to conclude that Defendant's services, as well as the third-party goods and services it currently advertises through the *westwoodshipping.com* domain name, are affiliated with, sponsored by, or approved by Westwood Shipping.

21. As a consequence of Defendant's infringement, Westwood Shipping has suffered and will continue to suffer irreparable injury, the exact nature, extent, and amount of which cannot be ascertained at this time. In addition to other remedies, Westwood Shipping is also entitled to injunctive relief.

## IV.
## CAUSES OF ACTION

### Count One: Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

22. Westwood Shipping refers to and incorporates by reference the allegations contained in Paragraphs 1 through 21 as though set forth fully herein.

23. Westwood Shipping owns and uses its federally registered Westwood Shipping Logo and WESTWOOD SHIPPING LINES word mark (the "Registered Marks") in commerce and has established considerable brand recognition and goodwill in the Registered Marks.

24. Defendant has in the past and continues to use in commerce reproductions, counterfeits, copies, and colorable imitations of the Registered Marks in connection with the sale, offering for sale, distribution, and advertisement of services, including domestic and international shipping, transportation, and logistics services, which use is likely to cause

**PLAINTIFF'S ORIGINAL COMPLAINT**

consumer confusion, mistake, and deception in violation of 15 U.S.C. § 1114.

25. Westwood Shipping has been damaged and is likely to continue to be damaged, by Defendant's infringement of the Registered Marks, and Westwood Shipping seeks and is entitled to recover Defendant's profits from the infringement and the costs of this action pursuant to 15 U.S.C. § 1117(a).

26. This case is exceptional in light of Defendant's willful use of the Infringing Mark, willful use of the *westworldshipping.com* domain name and use of the Infringing Mark thereon, and willful use of the *westwoodshipping.com* domain name to advertise services that compete with Westwood Shipping's services; all despite Defendant's promise to the contrary. Because this case is exceptional, Westwood Shipping is also entitled to recover its attorneys' fees incurred pursuing this action pursuant to 15 U.S.C. § 1117(a).

### *Count Two: Violations of Section 43(a) of the Lanham Act; 15 U.S.C. § 1125(a)*

27. Westwood Shipping refers to and incorporates by reference the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. In addition to obtaining federal registrations for the Registered Marks, Westwood Shipping has established considerable common law rights in all of the Westwood Shipping Marks through continuous use of the marks in commerce in association with its transportation and shipping services over the course of several decades.

29. Defendant has advertised, marketed, and sold transportation, shipping, logistics, and related services using the Infringing Mark.

30. Defendant's unauthorized use of the Infringing Mark is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, and association of Defendant with Westwood Shipping, Westwood Shipping's services, and as to the origin, sponsorship, or

**PLAINTIFF'S ORIGINAL COMPLAINT**

approval of Defendant's services by Westwood Shipping in violation of 15 U.S.C. § 1125(a)(1)(A).

31. Through its infringing and unauthorized use of the Infringing Mark, Defendant has further misrepresented the nature, characteristics, and qualities of Defendant's services in violation of 15 U.S.C. § 1125(a)(1)(B).

32. Westwood Shipping has no control over the nature or quality of the services sold and offered for sale by Defendant. Any failure, neglect, or default of Defendant in advertising, marketing, or selling its services to consumers will reflect adversely upon Westwood Shipping as the believed source of origin and/or approval of the services, and also has potential to damage the consuming public.

33. Such adverse reflection will severely frustrate efforts by Westwood Shipping to continue to protect its outstanding reputation for high quality with respect to Westwood Shipping's services.

34. Defendant's activities have caused and, unless enjoined, will continue to cause irreparable injury to Westwood Shipping and the goodwill Westwood Shipping has established in its name and services over the years.

35. Westwood Shipping has suffered and will continue to suffer substantial damage to its brand, reputation, and goodwill, and Westwood Shipping seeks and is entitled to recover Defendant's profits from the infringement and the costs of this action pursuant to 15 U.S.C. § 1117(a).

36. Defendant's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Westwood Shipping is entitled to recover its attorneys' fees incurred pursuing this action.

**PLAINTIFF'S ORIGINAL COMPLAINT**

*Count Three: Violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)*

37. Westwood Shipping refers to and incorporates by reference the allegations contained in paragraphs 1 through 36 as though fully set forth herein.

38. Defendant has registered, trafficked in, and used the Infringing Domain Names, which are confusingly similar to the Westwood Shipping Marks, with a bad faith intent to profit from Westwood Shipping's trademark rights in violation of 15 U.S.C. § 1125(d).

39. Defendant's bad faith intent to profit from the Infringing Domain Names is demonstrated by numerous factors, including the following:

(a) Defendant owns no trademark rights or other intellectual property rights in the Infringing Domain Names;

(b) The Infringing Domain Names do not consist of Defendant's legal name, but rather consist of Westwood Shipping's legal name and a slight variation thereof;

(c) Defendant's use of the Infringing Mark and Infringing Domain Names is commercial in nature and not a fair use;

(d) Defendant uses the Infringing Domain Names with the intent to divert consumers from Westwood Shipping's website for commercial gain in a manner that is likely to harm the goodwill represented by the Westwood Shipping Marks by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's websites and business;

(e) Defendant agreed to cease using the Infringing Mark and *westwoodshipping.com* domain, but then renewed the registration of the *westwoodshipping.com* domain, began using the *westwoodshipping.com* domain

**PLAINTIFF'S ORIGINAL COMPLAINT**

name to advertise third party services that compete with Westwood Shipping's services, registered the *westworldshipping.com* domain, and began using the Infringing Mark on the *www.westworldshipping.com* website; and

(f)     Defendant registered, renewed, and maintained the Infringing Domain Names after learning of Westwood Shipping's senior trademark rights.

40.    As a result of Defendant's actions, Westwood Shipping has been damaged.

41.    Pursuant to 15 U.S.C. § 1125(d)(1)(C), the Court should order the transfer of the Infringing Domain Names to Westwood Shipping or, alternatively, the forfeiture and/or cancellation of Defendant's registrations of the Infringing Domain Names.

42.    Westwood Shipping has suffered and will continue to suffer substantial damage to its brand, reputation, and goodwill, and Westwood Shipping seeks and is entitled to recover Defendant's profits from the infringement and the costs of this action pursuant to 15 U.S.C. § 1117(a).

43.    Defendant's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Westwood Shipping is entitled to attorneys' fees incurred pursuing this action.

## *Count Four: Unfair Competition/Misappropriation*

44.    Westwood Shipping refers to and incorporates by reference the allegations contained in Paragraphs 1 through 43 as though set forth fully herein.

45.    Westwood Shipping developed the Westwood Shipping Marks through the expenditure of extensive time, skill, labor and money.  In connection with the advertisement, marketing, and sale of its services, Defendant has exploited the reputation and goodwill associated with the Westwood Shipping Marks in competition with Westwood Shipping to gain a competitive advantage.

**PLAINTIFF'S ORIGINAL COMPLAINT**

46. Defendant gained a particular advantage because it was not burdened with the expenses incurred by Westwood Shipping in developing the goodwill and reputation of Westwood Shipping.

47. By these actions, Defendant has gained a financial benefit for itself and has caused harm to Westwood Shipping's brand, goodwill, and reputation.

48. Such actions by Defendant have caused and will continue to cause Westwood Shipping irreparable injury for which Westwood Shipping has no adequate remedy at law, entitling Westwood Shipping to injunctive relief.

## V.
## REQUEST FOR INJUNCTIVE RELIEF

49. Westwood Shipping refers to and incorporates by reference the allegations contained in Paragraphs 1 through 48 as though set forth fully herein.

50. Defendant has violated 15 U.S.C. §§ 1114 and 1125(a), (d) and unfairly competed with Westwood Shipping under Texas law, and Westwood Shipping is therefore entitled to injunctive relief under 15 U.S.C. § 1116 and under Texas law.

51. Westwood Shipping requests that the Court issue preliminary and permanent injunctive relief enjoining Defendant and its officers, directors, agents, employees, successors, assigns and attorneys, and all other persons and entities in active concert or participation with Defendant who receive notice of the injunction, from doing, aiding, causing or abetting the following:

(a) engaging in any acts or activities directly or indirectly calculated to trade upon the Westwood Shipping Marks or Westwood Shipping's trade names, logos, reputation or goodwill, including any further use of the Infringing Mark or any other marks that are identical or confusingly similar to the Westwood Shipping

**PLAINTIFF'S ORIGINAL COMPLAINT**

Marks in any physical or electronic medium, including, but not limited to websites, domain names, assumed business names, marketing materials, ships, trucks, trains, shipping containers, letterhead, social media handles, and other written, audio, or visual materials of any nature;

(b) directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of any of the Westwood Shipping Marks in connection with the sale, offering for sale, distribution, or advertisement of any goods and/or services;

(c) directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of Defendant's products or services, including any representation that Defendant is affiliated with Westwood Shipping;

(d) passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of Westwood Shipping, any product or service that is not the product or service of Westwood Shipping, is not produced under the control or supervision of Westwood Shipping, is not approved by Westwood Shipping, or is not distributed with Westwood Shipping's express authorization;

(e) registering, trafficking, using, or maintaining the registrations of the Infringing Domain Names or any other domain name that is identical or confusingly similar to any of the Westwood Shipping Marks; and

(f) otherwise engaging in competition unfairly.

52. Westwood Shipping will suffer immediate and irreparable damage, injury and

**PLAINTIFF'S ORIGINAL COMPLAINT**

harm for which there is no adequate remedy at law if Defendant is not immediately and permanently enjoined from the conduct listed above.

53. Public policy favors the protection of intellectual property rights, and the prevention of unfair competition, and any injunctive relief granted herein will therefore be in accordance with public policy.

54. The potential damage to Westwood Shipping if the injunctive relief requested herein is not granted far outweighs any harm that Defendant will suffer as a result of the injunctive relief requested. Immediate and permanent injunctive relief is therefore appropriate.

## VI.
## JURY DEMAND

55. Westwood Shipping hereby demands a trial by jury on all issues triable by jury.

## VII.
## PRAYER

WHEREFORE, Westwood Shipping prays that the Court grant the following relief:

1. Order that Defendant and its officers, directors, agents, employees, successors, assigns and attorneys, and all persons and entities in active concert or participation with Defendant who receive notice of the injunction, be enjoined and restrained preliminarily during the pendency of this action, and then permanently, from doing, aiding, causing, or abetting any of the following:

> (a) engaging in any acts or activities directly or indirectly calculated to trade upon the Westwood Shipping Marks or Westwood Shipping's trade names, logos, reputation or goodwill, including any further use of the Infringing Mark or any other marks that are identical or confusingly similar to the Westwood Shipping Marks in any physical or electronic

        medium, including, but not limited to websites, domain names, assumed business names, marketing materials, ships, trucks, trains, shipping containers, letterhead, social media handles, and other written, audio, or visual materials of any nature;

(b)     directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of any of the Westwood Shipping Marks in connection with the sale, offering for sale, distribution, or advertisement of any goods and/or services;

(c)     directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of Defendant's products or services, including any representation that Defendant is affiliated with Westwood Shipping;

(d)     passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of Westwood Shipping, any product or service that is not the product or service of Westwood Shipping, is not produced under the control or supervision of Westwood Shipping, is not approved by Westwood Shipping, or is not distributed with Westwood Shipping's express authorization;

(e)     registering, trafficking, using, or maintaining the registrations of the Infringing Domain Names or any other domain name that is identical or confusingly similar to any of the Westwood Shipping Marks; and

(f)     otherwise engaging in competition unfairly.

2.     Order Defendant to file with the Court and serve upon counsel for Westwood

**PLAINTIFF'S ORIGINAL COMPLAINT**

Shipping within thirty (30) days after the entry of the injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

3. Pursuant to 15 U.S.C. § 1125(d)(1)(C), Order Defendant to transfer the registration of the Infringing Domain Names to Westwood Shipping or, alternatively, order the forfeiture or cancellation of the Infringing Domain Names.

4. Order Defendant to account for and pay to Westwood Shipping all profits derived by reason of Defendant's acts alleged in this Complaint and to disgorge such profits to Westwood Shipping;

5. Find that this is an "exceptional" case pursuant to 15 U.S.C. § 1117;

6. Award Westwood Shipping its costs of suit, including reasonable and necessary attorneys' fees and expenses pursuant to 15 U.S.C. § 1117;

7. Award Westwood Shipping pre-judgment and post-judgment interest at the highest legal rate on all sums awarded in the Court's judgment; and

8. Award Westwood Shipping such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

/s/ Jason P. Bloom
Jason P. Bloom
State Bar No. 24045511
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651.5000
Facsimile: (214) 651.5940

**ATTORNEYS FOR PLAINTIFF
WESTWOOD SHIPPING LINES, INC.**

**PLAINTIFF'S ORIGINAL COMPLAINT**